**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000297**
**16-JUN-2022**
**10:31 AM**
**Dkt. 25 SO**

NO. CAAP-20-0000297

IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAI'I

TARVAL WEBSTER, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CPN-20-0000002)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Hiraoka and Nakasone, JJ.)

Petitioner-Appellant Tarval Webster (**Webster**), self-represented, appeals from the March 16, 2020 "Findings of Fact, Conclusions of Law, and Order Dismissing Petition to Vacate, Set Aside, or Correct Illegal Sentence Through a Writ of Habeus Corpus Pursuant to [Hawai'i Rules of Penal Procedure (**HRPP**)] Rule 40 Filed on January 13, 2020" (**Order**), filed by the Circuit Court of the First Circuit (**Circuit Court**).[1]

On appeal, Webster claims the imposition of a "minimum term of imprisonment" under the Hawai'i Paroling Authority's (**HPA**) "Level of Punishment" framework equates to raising the floor of an offender's sentence in violation of Alleyne v. United States, 570 U.S. 99 (2013). Thus, Webster challenges: (1) the

---

[1] The Honorable Kevin A. Souza presided.

use of the term "parole minimum" in Finding of Fact (**FOF**) 5; (2) Conclusion of Law (**COL**) 1 as labeling his petition as "frivolous" or "without a trace of support"; (3) COL 2 as labeling his petition as non-"colorable" and thus denying him a hearing; (4) COL 3 because he could not have waived an illegal sentence; (5) COL 7 because the HPA determines the "sentenced range of punishmnet" [sic]; and (6) COL 8 because, unlike arguments raised in other cases, he is challenging the "Level of Punishment" framework as raising the "sentence's floor."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Webster's points of error as follows, and affirm.

"[W]e review the circuit court's conclusions of law *de novo* and findings of fact for clear error." Coulter v. State, 116 Hawaiʻi 181, 184, 172 P.3d 493, 496 (2007).

Alleyne requires a jury to determine facts that constitute an "'element' or 'ingredient' of the charged offense" that increases the mandatory minimum sentence. 570 U.S. at 107-08. This court has previously held that Alleyne does not apply to the HPA's minimum term hearings, which set the period before a prisoner is eligible for parole. Star v. State, No. CAAP-17-0000642, 2018 WL 4327325, at *2 (App. Sept. 11, 2018) (SDO), cert. denied, SCWC-17-0000642, 2019 WL 181416, (Jan. 14, 2019) (quoting Draizen v. State, No. CAAP-12-0000708, 2015 WL 775031, at *2 (App. Feb. 24, 2015) (SDO)); see also Hawaii Revised Statutes (**HRS**) § 706-669 (2014). The "parole minimum" set by the HPA is distinct from an offender's "sentence." See Star, 2018 WL 4327325, at *2. The "Level of Punishment" framework Webster challenges is simply the framework that HPA utilizes during a minimum term hearing; it does not implicate elements of the charged offense that change an offender's "sentence." See id. As such, the imposition of a Level I, II or

2

III punishment under the "Level of Punishment" framework does not violate the constitutional principles stated in <u>Alleyne</u>.

In light of the foregoing, we resolve Webster's challenges to specific FOF and COLs as follows:

**Point of error 1:** The use of the term "parole minimum" in FOF 5 accurately reflects the role of the HPA. Webster's contention is without merit.

**Points of error 2-4:** COLS 1-3 are statements of the law regarding HRPP Rule 40 petitions. They are not wrong and do not directly address Webster's claims. Therefore, Webster's contentions are without merit.

**Point of error 5:** COL 7 is a statement of the law regarding HRS § 706-669(1). It is not wrong, and Webster's contention is without merit.

**Point of error 6:** Webster's challenge to the "Level of Punishment" framework utilized by the HPA does not distinguish Webster's argument from similar arguments raised and addressed by this court. As such, the cases cited in COL 8 (<u>Star</u>, 2018 WL 4327325, at *2; <u>Garcia v. State</u>, CAAP-16-0000062 & CAAP-16-0000097, 2019 WL 76937 (App. Jan. 2, 2019) (SDO); <u>Draizen</u>, 2015 WL 775031) are persuasive, and Webster's point of error is without merit.

For the foregoing reasons, the March 16, 2020 "Findings of Fact, Conclusions of Law, and Order Dismissing Petition to Vacate, Set Aside, or Correct Illegal Sentence Through a Writ of Habeus Corpus Pursuant to HRPP Rule 40 Filed on January 13, 2020," filed by the Circuit Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawaiʻi, June 16, 2022.

On the briefs:

Tarval Webster,
Self-Represented
Petitioner-Appellant.

Michelle L. Agsalda,
Deputy Attorney General,
for Respondent-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge